IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Brian Cox, | ) | C.A. No. 8:05-3264-HMH |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sprung's Transport & Movers, Ltd. & | ) | |
| Ian Bamstead, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Brian Cox's ("Cox") motion to remand and Sprung's Transport & Movers, Ltd. ("Sprung's") and Ian Bamstead's ("Bamstead") (collectively "Defendants") motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.[1] For the reasons below, the court denies Cox's motion to remand and grants the Defendants' motion to set aside entry of default.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises from a motor vehicle accident in which Cox was injured when a vehicle he was operating was struck by a vehicle driven by Bamstead, an employee of Sprung's. On September 15, 2005, Cox filed a summons and complaint in the South Carolina Court of Common Pleas for Anderson County, asserting negligence against the Defendants.

---

[1]The court will only address the motion to set aside default as to Sprung's because default has not been entered against Bamstead. However, both Sprung's and Bamstead have moved to set aside entry of default.

1

Default was entered against Sprung's by the Honorable Alexander Macaulay on November 9, 2005. (Pl.'s Mot. Remand Ex. 2 (Entry of Default Order).)

The circumstances related to service of process of the summons and complaint are particularly relevant to the motions before the court. On September 28, 2005, Cox served Sprung's statutory agent, the Director of the South Carolina Department of Motor Vehicles ("DMV"), with the summons and complaint. (Id. Ex. 1 (Acceptance of Service).) This service was pursuant to South Carolina Code of Laws section 15-9-360, part of South Carolina's nonresident motorist statute. The Director of the DMV sent the summons and complaint by registered mail, which was postmarked October 19, 2005. (Defs.' Mem. Supp. Mot. Set Aside Default Ex. A (Janice Brown Aff. ¶ 4).) The cover letter accompanying the summons and complaint was dated October 3, 2005. (Pl.'s Mem. Opp'n Defs.' Mot. Set Aside Default Ex. 2 (Letter from Violet Ringo to Sprung's of 10/3/05).) Sprung's did not receive the summons and complaint until November 8, 2005. (Defs.' Mem. Supp. Mot. Set Aside Default Ex. A (Janice Brown Aff. ¶ 3) & Ex. C (United States Postal Service Track and Confirm Receipt).) There is no evidence that Bamstead has ever been served with the summons and complaint.

On November 22, 2205, the Defendants removed this action to federal court and filed an answer. Cox filed a motion to remand this case to state court on November 28, 2005. The Defendants filed a motion to set aside entry of default on December 6, 2005.

2

## II. Discussion of the Law

### A. Motion to Remand

Under 28 U.S.C. § 1446(b),

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Cox contends that removal was untimely because this case was not removed within thirty days of service on the Director of the DMV on September 28, 2005. (Pl.'s Mot. Remand 2.) The court finds that the removal in this case was timely.

> [A] distinction should be drawn between agents designated by statute and agents designated and selected by a party to receive process. The law appears to be settled that service on a statutory agent . . . does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant.

Skidaway Assocs, Ltd. v. Glens Falls Ins. Co., 738 F. Supp. 980, 982 (D.S.C. 1990); see also 29A Fed. Proc., L. Ed. § 69:90 (1995) (noting that "[s]ervice on statutory agents appointed under long arm statutes is [] insufficient to start the time period running [for removal]. That period must be computed not from the date of service on the statutory agent, but from the date the defendant actually receives service." (internal quotation marks omitted). Further, "[a]lthough an occasional opinion in disagreement can be found, this is also the majority view with regard to agents appointed under nonresident motorist statutes.") Sprung's was served under the South Carolina nonresident motorist statute.

3

The court finds that the time for filing a notice of removal began to run when the Defendants received the summons and complaint. The evidence shows that Sprung's received the summons and complaint on November 8, 2005, and removed the case on November 22, 2005. (Defs.' Mem. Supp. Mot. Set Aside Default Ex. A (Janice Brown Aff. ¶ 3) & Ex. C (United States Postal Service Track and Confirm Receipt).) Further, there is no evidence that Bamstead has ever been served with the summons and complaint. As such, the Defendants filed a notice of removal within thirty days of receipt of the initial pleading. Therefore, Cox's motion to remand is denied.

### B.  Motion to Set Aside Entry of Default - Rule 55(c)

As an initial matter, "it is well established that a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court." Hawes v. Cart Prod., Inc., 386 F. Supp. 2d 681, 689 (D.S.C. 2005). A federal court has the power to set aside a default entered in state court in three situations: (1) "when a state court lacked jurisdiction to make an entry of default;" (2) "when a state court could have vacated its own default judgment;" and (3) "when a federal court could have vacated the entry of default." Id.

The Defendants move for relief from entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Rule 55(c) states, "For good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "Traditionally, . . . relief from a[n entry of default] should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "[A]ll that is necessary to establish the

4

existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." Id.  However, the court must also consider "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).  "All of these factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes."  Colleton Preparatory Acad., Inc. v. Beazer E., Inc., 223 F.R.D. 401, 406 (D.S.C. 2004).

Pursuant to South Carolina Code of Laws section 15-9-360, Cox served the summons and complaint on the Director of the DMV, Sprung's statutory agent.[2]  Cox argues that it is irrelevant that Sprung's did not receive the summons and complaint until November 8, 2005, because service on the DMV is a "signification by [Sprung's] that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator." (Pl.'s Mem. Opp'n Defs.' Mot. Set Aside Default 3 (quoting section 15-9-360).)  The court disagrees.

South Carolina Code of Laws section 15-9-370 provides that service on the Director of the DMV

---

[2]Cox contends that Sprung's voluntarily appointed the Director of the DMV as its agent. (Pl.'s Mem. Opp'n Mot. Set Aside Default 4.)  On the contrary, the Director of the DMV is Sprung's agent pursuant to statute because Sprung's has not appointed an agent for service of process in South Carolina.  Thus, by default, the DMV is Sprung's statutory agent.

5

> shall be sufficient service upon the nonresident if notice of the service and a copy of the process are forthwith sent by certified mail by the plaintiff or the Director of the Department of Motor Vehicles to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with the summons, complaint, and other papers in the cause.

The DMV sent the summons and complaint by registered mail, not certified mail, and there is no evidence that a return receipt was filed with the summons. The statute requires that the defendant's return receipt be obtained, which indicates the legislature's concern that a defendant actually receive notice of litigation.

In the case at bar, the only evidence is that Sprung's did not receive the documents until November 8, 2005. (Defs.' Mem. Supp. Mot. Set Aside Default Ex. A (Janice Brown Aff. ¶ 3) & Ex. C (United States Postal Service Track and Confirm Receipt).) Sprung's acted diligently to attempt to set aside the default in this case. Moreover, there is no evidence that Sprung's has a history of dilatory action, and Sprung's is not responsible for the delay in receiving the summons and complaint. In addition, Sprung's presented evidence sufficient to establish meritorious defenses in its answer. Further, any prejudice to Cox due to the delay in obtaining a final judgment is minimal. Based on these facts, the court finds that Sprung's has demonstrated good cause and excusable neglect. Therefore, after applying the factors set forth above, the court sets aside the entry of default.

Therefore, it is

**ORDERED** that Cox's motion to remand, document number 5, is denied. It is further

**ORDERED** that the Defendants' motion to set aside entry of default, document number 6, is granted.

**IT IS SO ORDERED.**

                                                s/ Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
January 11, 2006